**Victor SCHUTZ, in his own behalf and on behalf of all others similarly situated, Petitioner,**

**v.**

**Arthur HELM, Sheriff of Ozaukee County Jail, Individually and as a representative of a class of defendants, sheriffs and jailers, and their agents, employees, assistants, attorneys, successors in office, and all others acting in concert or cooperation with them or at their direction or under their control, Respondent.**

**No. 73-C-514.**

United States District Court, E. D. Wisconsin.

Oct. 12, 1973.

On Motion for Reconsideration Dec. 14, 1973.

Correctional Legal Services Program by Stuart E. Schmitz and Nely L. Johnson, Milwaukee, Wis., for petitioner.

Robert W. Warren, Atty. Gen., of Wis. by James H. McDermott, Madison, Wis., James M. LaPointe, Dist. Atty., Ozaukee Co., Port Washington, Wis., for respondent.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

Victor Schutz has petitioned this court for issuance of the writ of habeas corpus. Schutz is an inmate at the Ozaukee county jail, serving the 75-day sentence imposed at a state court civil contempt hearing for nonsupport.

The petitioner contends that his due process rights were violated at that hearing because: 1) he was not informed of the right of an indigent to be provided counsel; and 2) the court made

no determination of indigency for purposes of appointment of counsel. The respondent sheriff, and the state, have joined in a response to that petition and to Schutz' further request for maintenance of a class action in this matter. I conclude that the petition should be denied.

■■ In a civil contempt proceeding for non-support, the court's focus turns unavoidably to the issue of financial capacity. A finding of contumaciousness, in this context, depends upon the court's determination of whether an unwillingness to pay, as opposed to the inability to pay, characterizes the defendant's delinquency. In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) and in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), the United States Supreme Court considered the need for indigency determinations for purposes of appointment of counsel, prior to civil or criminal proceedings which may result in the loss of liberty. In those cases, however, the defendants' possible loss of liberty did not turn upon the courts' preliminary economic determinations; instead, those determinations were made in anticipation of further proceedings involving issues not going to financial circumstances, at which a defendant might be assisted by counsel. Such is not the case in the context of a civil contempt hearing for non-support, where the determination of financial capacity represents an ultimate issue of fact. Denial of the instant petition is thus consistent with this court's recent decision in Balderas v. Fleming (E.D.Wis., No. 73–C–290, decided August 1, 1973), which enjoined the local practice of incarcerating a person for non-payment of fines arising out of civil ordinance violations, unless he is first given a hearing with a right to present evidence of indigency.

There are many decisions, like *Argersinger* and *Tate*, which have significantly broadened the right of an indigent to counsel. The starting point was Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Supreme Court extended this right to have counsel to cases on appeal. The Court also held that one has the right to counsel when being interrogated by the police. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Also, one is entitled to legal assistance when one is viewed in a police lineup after a charge has been filed. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), extended this right to preliminary hearings. The right to counsel applies to juvenile proceedings. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). It recently has been extended to probation revocation proceedings. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

■ No case, however, has as yet required that counsel must be appointed at a hearing in which the fact of indigency itself is to be judicially determined. In effect, this was the type of hearing which was held in connection with Schutz' alleged contempt for non-payment of support money. If he had been devoid of funds, his failure to pay could not have been willful and contumacious.

■ The record of the Schutz civil contempt proceeding for non-support indicates that, at the outset, the court asked him if he had counsel and whether he intended to retain counsel. The petitioner was then questioned thoroughly concerning his financial status. The finding of non-indigency, which is implicit in the court's subsequent holding of contempt, is supported on the record and represented an ultimate fact in that proceeding. With it, the contempt proceeding itself was concluded.

Assuming, *arguendo*, that the state court had conducted a preliminary *Argersinger*-type indigency determination hearing, for purposes of appointment of counsel, it is significant to note that Schutz would surely have remained in

the same position. A finding of indigency would have entitled him to representation by appointed counsel at a contempt hearing, the need for which had been obviated by that very same preliminary determination.

Under these circumstances, the considerations supporting the rule announced in the *Argersinger-Tate* line of cases are not present here, and the petitioner's constitutional attack is without merit.

Therefore, it is ordered that the petition for issuance of the writ of habeas corpus, as well as the request for maintenance of a class action, be and hereby are denied.

## ON MOTION FOR RECONSIDERATION

This matter is before me on the petitioner's motion for reconsideration. On September 18, 1973, Victor Schutz filed a petition for issuance of a writ of habeas corpus. At that time he was an inmate at the Ozaukee county jail, serving the 75-day sentence imposed at a state court civil contempt hearing for non-support. He maintained that his due process rights were violated at the hearing because 1) he was not informed of the right of an indigent to be provided counsel; and 2) the state court made no determination of indigency for purposes of appointment of counsel.

In a decision and order dated October 12, 1973, I denied Mr. Schutz's petition. I determined that:

"The record of the Schutz civil contempt proceeding for non-support indicates that, at the outset, the court asked him if he had counsel and whether he intended to retain counsel. The petitioner was then questioned thoroughly concerning his financial status. The finding of non-indigency, which is implicit in the court's subsequent holding of contempt, is supported on the record and represented an ultimate fact in that proceeding

.   .   .   .   .

"Under these circumstances, the considerations supporting the rule announced in the *Argersinger-Tate* line of cases are not present here, and the petitioner's constitutional attack is without merit.   .   .   ."

See Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).

In my decision, I set forth my views concerning the broader constitutional issue of whether there exists the right to counsel at civil contempt hearings for non-support in general. Such comments were probably mere dicta since the constitutional issue need not have been reached.

The state court made a determination as to Mr. Schutz's *present* financial ability and asked him whether he intended to retain counsel. Having determined that he was *presently* non-indigent, no need existed for that court to advise him of an indigent's right to appointed counsel, even assuming, *arguendo*, that such a right does in fact exist. Therefore, consistent with my earlier finding that "the considerations supporting the rule announced in the *Argersinger-Tate* line of cases are not present *here* .  .  .", I conclude that Mr. Schutz's petition for issuance of a writ of habeas corpus was properly denied.

In his motion for reconsideration, Mr. Schutz has supplied a comprehensive affidavit in which, among other things, he attempts to establish the fact of his indigency at the time of the challenged hearing. I have carefully reviewed the record of those proceedings and conclude that the petitioner was given an adequate opportunity to present to that court the information contained in this recent affidavit. Most of the factual averments contained therein were revealed to the court at that proceeding; the court's inquiries went to the remaining ones. Accordingly, I reassert my original conclusion that the "finding of non-indigency which is implicit in the

state court's subsequent holding of contempt, is supported on the record. . . ."

Therefore, it is ordered that the petitioner's motion for reconsideration be and hereby is denied.